UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:05CR-152-H

UNITED STATES OF AMERICA                                                                  PLAINTIFF

V.

CHARLES THORNTON
ELDER J. DANTZLER                                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendant, Charles Thornton, has moved to dismiss the charges against him on the grounds that the Indictment was improperly sealed. To succeed, Defendant must show that the Government's action caused "substantial prejudice to his right to a fair trial." *United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992).

Defendant was indicted on the current charges on December 6, 2005. An arrest warrant was issued and the Indictment sealed. At the time, Defendant was in jail awaiting trial on entirely separate charges in the Northern District of Illinois. Defendant eventually pled guilty to those charges and was sentenced to 72 months on November 17, 2006. Thereafter, Defendant was transported to Louisville and arraigned on these charges on January 3, 2007. He filed this motion four months later.

An Indictment may be sealed for any legitimate purpose and the judge's decision to permit it should be given deference. *United States v. Wright*, 343 F.3d 849, 858 (6th Cir. 2003). Even when the sealed indictment is opened after the expiration of a statute of limitations, there is

no bar to prosecution unless actual prejudice is show. *Id.* at 859. *U.S. v. Burnett*, 1992 WL 92669, 3 (6th Cir. 1992), citing *U.S. v. Srulowitz*, 819 F.2d 37, 40 (2nd Cir. 1987).

Here, the Indictment was sealed in order to assure that arrest warrants could be obtained against both Defendants. Both were in custody: Thornton in federal care and Dantzler in state custody. The United States attorney here wanted assurance that it could detain both Defendants after conclusion of proceedings in Illinois. Of course, at the time, there was no way of knowing how their cases would proceed. After all was said and done, it is not clear that the sealing was necessary. On the other hand, it is difficult to find prejudice either.

Under no foreseeable circumstances is it likely that Defendant could have achieved a consolidation of the pending Illinois and Kentucky charges. The two cases appear entirely unrelated. Nor does Defendant hold any particular right to have the Kentucky charges resolved in a manner that produces a better result on his criminal history calculation.

The statute of limitations will not bar the Indictment where it was brought forth and sealed within the proper time. Defendant has given the Court no specifics of how the delay is prejudicial to his defense. If more specifics are available, those facts can and should be made available to the Court. Otherwise, the Court cannot assume prejudice from general assertions.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss the Indictment is DENIED.

cc: Counsel of Record